PER CURIAM:
Claimant seeks payment for damage to his barn wall allegedly caused by the improper construction of a highway berm which allowed water to flow onto his land. Bills totalling $420.15 were submitted as proof of the damage.
Claimant’s property, consisting of 27 acres, is located on both sides of Route 891 in Cameron, Marshall County, West Virginia. *303 Mr. Durbin’s barn, a two-story structure, is situate 15-20 feet from the edge of the road. The top floor is almost level with the roadway, and the basement is below the elevation of the roadway.
On about the first day of June, 1981, rainwater flowed from the surface of the roadway down to claimant’s barn and pushed out the cement block wall. Claimant testified that the respondent, over his objections, kept lowering the berm of the road, prior to the date of the incident in question, in an effort to divert water from claimant’s property.
James P. Reid, Marshall County Maintenance Superintendent, testified that they had indeed made “various attempts to divert the water from the area of the barn.” Cold mix asphalt was applied to the berm in the area of the barn in May of 1981, one month before the incident complained of by claimant.
When questioned about the work, the claimant stated:
“. . .They went ahead and they put the blacktop in there along the edge and the water goes right on down and spread out all over the place . . . That solved the problem, and, of course, here the other night it come a hard rain and sort of broke over and I had to build it up a little bit again.”
The law of West Virginia is well settled that surface water is a common enemy which each landowner must fight off as best he can, provided that an owner of higher ground may not inflict injury to the owner of lower ground beyond what is reasonably necessary. Holdren v. Dept. of Highways, 11 Ct.Cl. 75 (1975). In the instant case, the evidence indicates that the respondent conducted its highway repairs to the satisfaction of the claimant prior to the flooding and damage complained of; that the flooding occurred as the result of a single, heavy rainstorm; and that the respondent did nothing to increase the flow of water onto the claimant’s land. Accordingly; the claim is disallowed.
Claim disallowed.